UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ELEONOR A. MAYO, personal representative of the Estate of Richard V. Mayo, Sr., <br><br> Plaintiff, <br> vs. <br> UNITED STATES OF AMERICA, <br><br> Defendant. | NO.  2:11-1115-RSM <br><br> ORDER ON MOTIONS |

On February 24, 2012, the Court reconsidered its previous order denying Plaintiff's motion for appointment of counsel and directed the Pro Bono Coordinator to procure counsel for Plaintiff and notify the Court when counsel had been obtained. *See* Dkt. #58. The Court is dismayed to learn that, despite very diligent efforts, the Pro Bono Coordinator has been unable to identify an attorney to represent Plaintiff in this matter. Accordingly, Plaintiff will need to continue to represent herself in this matter. The Court directs Plaintiff's attention to resources located at the following website address: http://www.wawd.uscourts.gov/courtservices/representingyourself.htm.

\*       \*       \*

ORDER ON MOTIONS

2:11-cv-1115-RSM

Before the Court are several motions filed by Plaintiff since the Court issued its last order.  The Court considers each in turn:

**A.   Motion to Request the Court that the Docket #54 Should Not Be Stricken as Frivolous and/or Moot & Motion to Change the Plaintiff's Mailing Address (Dkt. #60)**

The motion to change Plaintiff's mailing address is GRANTED.  In the future, Plaintiff does not need to file a motion to change her mailing address.  She may simply notify the Clerk of the Court and opposing counsel in writing of her new address.

The motion not to strike Dkt. #54 is DENIED.  Dkt. #54 was stricken because it addressed a stipulation that the parties did not end up filing with the Court.  *See* Dkt. #57.  It is unclear on what basis Plaintiff seeks reconsideration of the Court's previous order.  It appears that Plaintiff wishes to include evidence and/or claims mentioned in Dkt. #54 in a third amended complaint.  *See* Dkt. #60, p. 3 ("Docket # 54 has stated indirect evidence utilizing Res Ipsa Loquitor and the elements of negligence stated under the Docket # 54 which shall be incorporated and consolidated in the plaintiff's Third Amended Complaint.").  The Court's previous order striking Dkt. #54 does not prevent Plaintiff from doing so.

**B.   Motion to Request the Honorable Court to Correct or Amend the Right Plaintiff of Party in Interest; and Motion to Ask the Court to Keep the Copy of the (Active) Appointment of the Personal Representative, SF 95, and the Administrative Agency's Final Denial (Dkt. #64)**

It appears through this motion that Plaintiff seeks to amend her complaint and ensure that the correct party is listed as the Plaintiff.  Indeed, she has filed a Third Amended Complaint.  *See* Dkt. #62.  The Plaintiff on the Third Amended Complaint is listed as "Eleonor A. Mayo, personal representative for the estate of Richard V. Mayo

ORDER ON MOTIONS

2:11-cv-1115-RSM

Sr., Deceased." To the extent that the relief requested is leave to amend her complaint, Plaintiff's motion is GRANTED. Defendants have not objected to Plaintiff filing a third amended complaint and have filed an answer thereto. *See* Dkt. #67. If Plaintiff seeks to further amend her complaint, she must obtain Defendants' written consent or leave from the court before doing so. *See* Fed. R. Civ. P. 15 (a)(2).

**C.   Motion to Attach the Affidavit to Plaintiff's Third Amended Complaint (Dkt. #71)**

Plaintiff's motion is GRANTED. In the future, Plaintiff does not need to seek leave of the Court to correct administrative docketing errors.

**D.   Motion for Leave of Court to Postpone any Plaintiff's Answers and/or Objections Including but not Limited to the Defendant's Responsive Pleading, Affirmative Defense and Prayer for Relief to Third Amended Complaint… Until the Pro Bono Counsel is Appointment by the Court (Dkt. #74)**

There are currently no deadlines pending in this matter and "answers and/or objections … to the Defendant's responsive pleading, affirmative defense and prayer for relief" are not due. *See* Fed. R. Civ. P. 7; Local Rule CR7. Moreover, as indicated above, the Court was unable to secure counsel for Plaintiff. Plaintiff's motion is stricken as MOOT because there are no deadlines to postpone and therefore no relief to be granted. The court will issue an order setting preliminary deadlines within one week of the date of this Order.

**E.   Motion Requesting the Honorable Court to Continually Activate this Case and to Notify the Court about the Plaintiff's Good Faith Intention in Amending the "Right Plaintiff in Interest" (Dkt. #75)**

This motion is duplicative of the motions at Dkt. #s 64 & 74 and is therefore MOOT. The Court grants the relief set forth above.

ORDER ON MOTIONS
2:11-cv-1115-RSM

\*     \*     \*

Having considered Plaintiff's motions, the responses and replies thereto, and the remainder of the record, and for the reasons set forth above, the Court hereby finds and ORDERS:

(1) Dkt #60: The motion to change Plaintiff's mailing address is GRANTED. The motion not to strike Dkt. #54 is DENIED.

(2) Dkt. #64: Plaintiff's motion to amend the second amended complaint is GRANTED.

(3) Dkt. #71: Plaintiff's motion is GRANTED.

(4) Dkt. #74: Plaintiff's motion is MOOT.

(5) Dkt. #75: This motion is duplicative and therefore MOOT.

(6) The Clerk of the Court is directed to forward a copy of this Order to Plaintiff at her most recent address and to all counsel of record.

IT IS SO ORDERED.

DATED this 13th day of July 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS

2:11-cv-1115-RSM