Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ELEONOR A. MAYO, personal representative of the Estate of Richard V. Mayo, Sr.,<br><br>Plaintiff,<br>vs.<br>UNITED STATES OF AMERICA,<br><br>Defendant. | NO. 2:11-1115-RSM<br><br>ORDER ON PENDING MOTIONS AND DIRECTING PARTICIPATION IN MEDIATION |

## I. MEDIATION

Local Civil Rule 39.1 permits the Court to order the parties to engage in mediation in any civil case. LCR 39.1(c). The Court finds that mediation will assist the parties and the Court with the expeditious resolution of Mrs. Mayo's claims. Accordingly, the parties shall engage in mediation by April 1, 2013. All pending motions not addressed below are hereby stayed until completion of mediation. The Court directs

the parties to LCR 39.1(c) for information regarding appointing a pro bono mediator. Within two weeks following mediation, the parties shall submit a joint status report to the Court. If the parties have failed to reach a resolution of the case at that time, the Court will rule on the remaining motions.

## II. PLAINTIFF'S PENDING MOTIONS

### A.   Motions to Appoint Counsel

The Court previously granted Plaintiff's motion for counsel and directed appointment of pro bono counsel. Dkt. # 58. Despite the Court's order, pro bono counsel could not be secured to represent Plaintiff before the Court. The Court has since exhausted all avenues available to it to secure counsel. Plaintiff must continue to represent herself in this case. Plaintiff states that the pro bono panel referred counsel to assist with settlement negotiations (Dkt. # 86, p. 3), and it is the Court's hope that such counsel will assist Plaintiff with mediation as directed above. Accordingly, Plaintiff's additional motions to appoint counsel are duplicative and stricken as MOOT. Dkt. ## 78, 87.

### B.   Motion to Amend Complaint, Motion for Leave of Court to Delete, and Motion to Amend JS 44 Civil Cover Sheet

Plaintiff asks the Court for leave to remove all references to claims alleging intentional torts against Defendants in her pleadings and responsive documents and to amend her Third Amended Complaint. Plaintiff wishes to proceed only upon claims of unintentional negligence and medical malpractice against Defendant. The Court treats Plaintiff's request as a motion to dismiss her intentional torts claims. Plaintiff may move

to dismiss claims she has alleged if it becomes apparent that such claims have no basis in law or fact.

Defendant contends that amendment of the complaint would be futile as it has moved for summary judgment on each of Plaintiff's allegations. Dkt. # 85.  Because the Court directs the parties to participate in mediation prior to consideration of Defendant's motion for summary judgment, Plaintiff will be permitted to amend her complaint a final time.  Accordingly, Plaintiff's motions are Granted. Dkt. ## 82, 98, 100.

### C.   Motion for Extension of Time to Conduct Rule 26(f) Conference

Plaintiff asks the Court to reschedule the Fed. R. Civ. P. 26(f) conference.  For good cause shown, Plaintiff's motion for an extension of time to participate in the Rule 26(f) conference is Granted. Dkt. # 86.  The Court will issue an amended scheduling order and the Rule 26(f) conference shall be conducted within thirty (30) days of the date of this Order.

### D.   Motion for Appointment of Outside Medical Expert

Plaintiff asks the Court to appoint an outside medical expert to challenge the expert opinions offered by Dr. John M. Luce in support of Defendant's motion for summary judgment.  Plaintiff makes this request on the basis that she cannot afford to secure an expert on her own behalf. Dkt. # 88, p. 2.  Plaintiff does not, however, direct the Court to any authority permitting court appointment of a medical expert to assist her.  District courts have no authority to appoint expert witnesses to assist plaintiffs proceeding under the in forma pauperis statute.  *Pedraza v. Jones,* 71 F.3d 194, 196 (5th Cir. 1995). Accordingly, Plaintiff's motion shall be Denied.

## III. CONCLUSION

Having reviewed the motions, responses and replies thereto, the attached exhibits and affidavits, and the remainder of the record, the Court hereby finds and ORDERS:

(1) The parties shall engage in mediation by April 1, 2013.

(2) Plaintiff's motions to appoint counsel (Dkt. ## 78, 87) are stricken as MOOT.

(3) Plaintiff's motion to reschedule Rule 26(f) conference (Dkt. # 86) is GRANTED. The conference shall be conducted within thirty (30) days of this Order.

(4) Plaintiff's motion to amend (Dkt. # 82), motion to delete (Dkt. # 98), and motion to update civil cover sheet (Dkt. # 100) are GRANTED.

(5) Plaintiff's motion to appoint outside medical expert (Dkt. # 88) is DENIED.

(6) Plaintiff's motion for the Court to order production of documents (Dkt. # 96) and Defendant's motion for summary judgment (Dkt. # 83) are STAYED until mediation is completed.

(7) The Clerk of the Court is directed to forward a copy of this Order to Plaintiff at her most recent address and to all counsel of record.

DATED this 16 day of January, 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE