UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ELEONOR A. MAYO, personal representative of the Estate of Richard V. Mayo, Sr.,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | NO.  2:11-1115-RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT |

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion to Enforce Settlement Agreement (Dkt. # 122) and Plaintiff's Motion to Vacate Settlement Agreement (Dkt. # 124). For the reasons that follow, Defendant's motion shall be GRANTED and Plaintiff's motion shall be DENIED.

## II. BACKGROUND

Plaintiff Eleonor Mayo, proceeding *pro se* and *in forma pauperis*, brought suit as personal representative of the estate of her husband, Richard Mayo, under the Federal

Tort Claims Act. Ms. Mayo's claims arise from medical treatment that her husband received at the Veterans Affairs Medical Center prior to his death. Dkt. # 103. The Fourth Amended Complaint seeks damages for personal injury, wrongful death, and medical malpractice against the United States of America. *Id.* at ¶ 5.

After Defendant United States filed a motion for summary judgment, but before its resolution, the Court directed the parties to engage in mediation. Dkt. # 108. Two settlement conferences were conducted before United States Magistrate Judge Mary Alice Theiler. Dkt. ## 110, 117. Plaintiff was represented by stand-by counsel at both settlement conferences. On April 17, 2013, the parties submitted a stipulated motion requesting that the Court stay the case pending finalization of the settlement agreement. Dkt. # 111. On July 30, 2013, Defendant filed the instant motion to enforce the settlement agreement. Dkt. # 122. Plaintiff then filed a motion to vacate the settlement agreement a day later. Dkt. # 124.

## III. DISCUSSION

Defendant contends that the parties signed a valid and enforceable settlement agreement and that the United States has satisfied its obligations under that agreement. Plaintiff contends that the agreement should be rescinded on the basis that there was no "meeting of the minds" because she did not consent to make the suit public. She also disputes the dates of medical care referenced in a letter produced by Defendant for the purpose of confirming that there was no Medicare lien that might impinge on Plaintiff's settlement recovery.

The trial court has inherent power to enforce settlement agreements. *In re Suchy*, 786 F.2d 900, 902-03 (9th Cir. 1983). This authority "has as its foundation the policy

favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation." *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978). Generally, a settlement agreement is interpreted and enforced in accordance with state law. *Jeff. D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). And in Washington, contract interpretation requires determining the objective manifestation of the parties' intent to enter the agreement. *Hearst Communications, Inc. v. Seattle Times Co.*, 154 Wash. 2d 493, 503 (2005). The court does not look to the subjective intent of the parties. *Id.*

When a party moves to enforce the terms of a settlement agreement, that party bears the burden of "proving that there is no genuine dispute over the existence and material terms of the agreement." *Bringerhoff v. Campbell*, 99 Wash. App. 692, 696-97, 994 P.2d 911 (2000). The court must view the facts in the light most favorable to the non-moving party to "determine whether reasonable minds could reach but one conclusion." *Id.* at 697. "[I]f the nonmoving party raises a genuine issue of material fact, a trial court abuses its discretion if it enforces the agreement without first holding an evidentiary hearing to resolve the disputed issues of fact." *Id.*

Here, it is undisputed that Ms. Mayo signed the settlement agreement and that Defendant performed under the terms of the agreement. Even taking Ms. Mayo's concerns into account, the Court finds that Ms. Mayo has failed to raise a genuine issue of material fact.

First, Ms. Mayo contends that there was "no meeting of the minds" because she did not want the suit or settlement to be public. The Court notes that every document filed in this Court is a public document, unless it has been sealed by the Court under

ORDER GRANTING DEFENDANT'S MOTION TO
ENFORCE SETTLEMENT AGREEMENT - 3

appropriate circumstances. Contrary to Plaintiff's belief, there is no distinction between documents filed on the CM/ECF system "pre-trial" and those filed thereafter. It is incumbent upon parties to file documents in which any personal data has been redacted. *See* LCR 5.2. To the extent that Ms. Mayo has filed documents containing any such information, she shall be permitted to file redacted copies.

In addition, Ms. Mayo's contention that she did not waive her right to keep the settlement agreement confidential is directly contradicted by paragraph nine of the settlement agreement that bears her signature. Paragraph nine states that "[t]he parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements thereto, may be made public in their entirety and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b)" Dkt. # 123-1, ¶ 9. Plaintiff argues that she believes that the "Mediation settlement is private." Dkt. # 124, ¶ 3. However, Plaintiff's subjective belief that the case and settlement should be kept private does not controvert the objective manifestation of her assent to the express terms of paragraph nine.

Second, Ms. Mayo's concern about the dates referenced in the letter from Betty Noble regarding a potential Medicare lien does not demonstrate "no meeting of the minds." It appears that Ms. Mayo has misconstrued the effect of the letter, which states that Medicare did not pay claims for Mr. Mayo's treatment on the dates of treatment at issue in this case. Dkt. # 123-1, p. 10. The letter then indicates that Medicare has no recovery claim against any potential settlement payment. *Id.* Thus, the letter only establishes that Plaintiff's recovery would be free and clear of any purported lien.

Plaintiff has not shown, and the Court is unaware of any reason, why the content and effect of the letter is relevant to a material term of the settlement.

## IV. CONCLUSION

Having reviewed the motions and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's Motion to Enforce Settlement Agreement (Dkt. # 122) shall be GRANTED;

(2) Plaintiff's Motion to Vacate Settlement Agreement (Dkt. # 124) shall be DENIED;

(3) The Clerk of the Court is directed to forward a copy of this Order to Plaintiff and to all counsel of record.


DATED this 4 day of September 2013.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO
ENFORCE SETTLEMENT AGREEMENT - 5